IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>LISA YOUNG, aka Lisa Foster,<br><br>        Defendant. | CR. NO. 20-00013 JMS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 40 |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE, ECF NO. 40

### I.  INTRODUCTION

Defendant Lisa Young, aka Lisa Foster ("Defendant"), moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 40.[1] Defendant's motion is premised on the Ninth Circuit's interpretation of the First Step Act's amendment to the safety valve provision, 18 U.S.C. § 3553(f), in *United States v. Lopez*, 998 F.3d 431, 433 (9th Cir. 2021), *petition for reh'g en banc filed* (Aug. 5, 2021).  Specifically, Defendant, who was sentenced after the effective date of the amendments but prior to *Lopez*, and who did not receive safety valve

---

[1]  Unless stated otherwise, all ECF references in this Order are to the docket in Cr. No. 20-00013 JMS.

credit at sentencing, now asks the court to find her safety valve eligible and thus reduce her sentence.

Because Defendant has failed to show extraordinary and compelling reasons warranting a sentence reduction, and also because the 18 U.S.C. § 3553(a) factors do not support a sentence reduction, the court DENIES the Motion.

## II. **BACKGROUND**

Defendant is a 50-year-old inmate incarcerated at SeaTac Federal Detention Center with a projected release date of February 12, 2029. *See* https://www.bop.gov/inmateloc/ (last visited October 14, 2022). Defendant has a prior conviction that is highly relevant to the instant Motion—in Cr. No. 05-00360 JMS,[2] Defendant pled guilty to an Information charging her with conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine. In that case, Defendant was sentenced in 2006 to 120 months imprisonment, with the sentence later being reduced to 96 months imprisonment based on a retroactive sentencing guideline change. ECF Nos. 1 & 45 in Cr. No. 05-00360 JMS. After her arrest in that case, Defendant "admitted that she distributed over 50 pounds of 'ice' and 10 pounds of cocaine over the past 10 years. She also admitted that her 14-year-old-son . . . assisted in drug transactions

---

[2] Although this case was initially assigned to another judge and was referenced as Cr. No. 05-00360 DAE, the court refers to this earlier criminal case as Cr. No. 05-00360 JMS throughout this Order for ease of reference.

from their residence . . . ."  Presentence Investigation Report ¶ 42, ECF No. 33 at PageID.102.

While on supervised release in Cr. No. 05-00360 JMS, Defendant committed the instant offense.  *Id.* at PageID.102–03.  This time, she was charged with distributing 50 grams or more of methamphetamine (count 1) and possession with intent to distribute 50 grams or more of methamphetamine (count 2).  ECF No. 8.  Defendant was held responsible for 692 grams of methamphetamine, resulting in a total offense level 31, criminal history category III, with an advisory Guideline range of 135 to 168 months.  ECF No. 33 at PageID.100–03, PageID.108.

Two events are critical to this Motion, one occurring before Defendant's sentencing in this case and one after.  First, in 2018 (before Defendant's sentencing) Congress amended one of the safety valve's provisions, 18 U.S.C. § 3553(f)(1).  *See* First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221.  As amended, § 3553(f)(1) requires a defendant to prove that she

> does not have—(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; (B) a prior 3-point offense, as determined under the sentencing guidelines; and (C) a prior 2-point violent offense, as determined under the sentencing guidelines[.]

Second, *Lopez* (decided after sentencing) held that subparagraphs (A), (B), and (C) must be read in the conjunctive, not the disjunctive.  *See Lopez*, 998 F.3d at 433.  Thus, a defendant must cumulatively have more than four criminal history points, *and* a prior three-point offense, *and* a prior two-point violent offense to be ineligible for safety valve relief under § 3553(f)(1).  In so holding, the Ninth Circuit recognized that this reading "might be viewed as a considerable departure from the prior version of § 3553(f)(1)."  *Lopez*, 998 F.3d at 444.[3]

If Defendant had met all five of the safety valve criteria, § 3553(f)(1)– (5), she would have been excepted from the ten-year mandatory minimum and would have been eligible for a two-level downward variance in her total offense level.[4]  *See also United States v. Rangel-Guzman*, 752 F.3d 1222, 1226 (9th Cir. 2014).

On December 17, 2020, after her plea of guilty in Cr. No. 20-00013 JMS, and after her admission of violating the terms of supervised release in Cr. No.

---

[3] Since *Lopez*, two circuits have disagreed with the Ninth Circuit, finding that the safety valve criteria should be read in the disjunctive, not the conjunctive.  *See United States v. Pace*, 48 F.4th 741 (7th Cir. 2022), and *United States v. Pulsifer*, 39 F.4th 1018 (8th Cir. 2022).  Another circuit is considering the issue en banc.  *See United States v. Garcon*, 997 F.3d 1301 (11th Cir. 2021), *reh'g en banc granted, opinion vacated*, 23 F.4th 1334 (11th Cir. 2022).  And, as indicated earlier, an en banc petition is still pending as to *Lopez*.

[4] The sentencing guidelines have not been revised since the First Step Act.  Under sentencing guideline § 2D1.1(b)(18), if a defendant meets the safety valve criteria in guideline § 5C1.2, a two-level reduction is applied to the offense level.  But because § 5C1.2 has not been amended since the passage of the First Step Act, courts (including this court) generally apply a two-level variance for meeting the statutory safety valve criteria.

05-00360 JMS, the court held a joint sentencing hearing. In total, the court imposed a sentence of 135 months in Cr. No. 20-00013 JMS, and 24 months in Cr. No. 05-00360 JMS, with both terms to run concurrently. ECF No. 36. This resulted, effectively, in a sentence of 135 months. *See id.*

During her December 17, 2020 sentencing, Defendant was not afforded any relief under § 3553(f)'s safety valve. In fact, neither the United States Probation Office nor the parties raised the issue of safety valve eligibility. At the time, the court and parties likely assumed Defendant was ineligible because she had a prior 3-point criminal offense and because § 3553(f)(1) was being interpreted to make ineligible defendants who met any of the criminal-history conditions listed in § 3553(f)(1)(A)–(C), one of those conditions being a "prior 3-point offense." In other words, the criminal-history conditions in § 3553(f)(1)(A)–(C) were—at that time—being treated as disjunctive with respect to ineligibility. *See, e.g.*, *United States v. Garcon*, 997 F.3d 1301, 1305 (11th Cir. 2021), *reh'g en banc granted*, *opinion vacated*, 23 F.4th 1334 (11th Cir. 2022) (describing rationale for disjunctive interpretation).

On August 9, 2022, Defendant filed her Motion seeking compassionate release. ECF No. 40. Defendant claims that had the court applied the safety valve at sentencing, she would not have been subject to the 120-month mandatory minimum, and she would have received a 2-level reduction pursuant to

Guideline § 2D1.1(b)(18).[5]  Her new guideline range, based on an offense level 29 and criminal history category III, would be 108–135 months, Defendant argues. And because the court sentenced Defendant to the bottom of the range applicable at sentencing (135–168 months), Defendant requests a reduction of her sentence to 108 months.

The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

## III.  DISCUSSION

### A.    Legal Standard

"Ordinarily, 'a federal court may not modify a term of imprisonment once it has been imposed.'"  *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18 U.S.C. § 3582(c)).  Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release" satisfying the substantive and procedural requirements of 18 U.S.C. § 3582(c)(1)(A).  *See Wright*, 46 F.4th at 944.  Section 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"), provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

---

[5] Defendant appears to assume that she would meet the remaining four criteria of the safety valve, § 3553(f)(2)–(5).  For purposes of this Order, the court likewise assumes that if Defendant's criminal history was not disqualifying, she otherwise would be safety-valve eligible.

6

appeal a failure of the Bureau of Prisons to bring a
motion on the defendant's behalf or the lapse of 30 days
from the receipt of such a request by the warden of the
defendant's facility, whichever is earlier, may reduce the
term of imprisonment . . . after considering the factors set
forth in [18 U.S.C.] section 3553(a) to the extent that
they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant
> such a reduction;

> . . . .

and that such a reduction is consistent with applicable
policy statements issued by the Sentencing
Commission[.]

"As compassionate release derogates from the principles of finality, it

is a 'narrow' remedy . . . and the court's disposition of a compassionate release

motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944–45.  In

exercising its discretion, the court must consider "extraordinary and compelling"

reasons, the applicable policy statements by the Sentencing Commission, and

§ 3553(a) factors, but it may deny compassionate release on any of these bases:

> First, the district court must determine whether "extraordinary
> and compelling reasons warrant" a sentence reduction.  Second,
> the court must evaluate whether a reduction would be
> "consistent with *applicable* policy statements issued by the
> Sentencing Commission."  Third, the court must consider and
> weigh the factors set forth in 18 U.S.C. § 3553(a) to decide
> whether the requested sentence reduction is warranted "under
> the particular circumstances of the case."  Although a district
> court must conclude that a defendant satisfies all three
> predicates before granting a motion for compassionate release,

> it may deny compassionate release if a defendant fails to satisfy
> any of these grounds.

*Id*. at 945 (internal citations and footnote omitted).

Although § 3582(c)(1)(A) requires a sentence reduction to be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," that requirement does not apply to this case, as there is currently no policy statement from the Sentencing Commission that is "applicable" to compassionate release motions filed by a defendant rather than by the Federal Bureau of Prisons ("BOP") Director. *See Wright*, 46 F.4th at 946. Specifically, the Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, was promulgated before the FSA provided criminal defendants the ability to file motions for compassionate release on their own behalf. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). The Sentencing Commission has not amended the Guidelines post-FSA. *Id.* at 800 n.1. This court is thus empowered to consider any extraordinary and compelling reason that warrants a sentence reduction. *See id.* at 801–02. In making this determination, "[t]he Sentencing Commission's statements in [§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Aruda*, 993 F.3d at 802.

After *Aruda*, the Ninth Circuit in *Keller* further clarified the district

court's discretion, holding that a district court may deny a compassionate release motion on the sole ground that the defendant did not show an "extraordinary and compelling" reason for release. "[A] district court that properly *denies* compassionate release need not evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A). 2 F.4th at 1284. "Such a reading is compelled by the structure of the compassionate release statute, which treats its requirements as conjunctive." *Wright*, 46 F.4th at 947 (citing *Keller*, 2 F.4th at 1284). "This structure necessarily dictates that a court may deny compassionate release at *any* stage of the § 3582(c)(1)(A) pipeline." *Id.* (emphasis added).[6]

## B.    Extraordinary and Compelling Reasons

Defendant bears the burden of establishing that extraordinary and compelling reasons warrant compassionate release. *See id.* at 951; *United States v. Bogema*, 2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020). And the court has discretion to determine whether any proffered reasons are "extraordinary and compelling" under § 3582(c)(1)(A). *See Aruda*, 993 F.3d at 802; *United States v. Kaimana*, 2022 WL 819437, at *7 (D. Haw. Mar. 17, 2022) (finding that

---

[6] Here, it appears that Defendant has exhausted her administrative remedies.

extraordinary and compelling reasons justified reducing a life sentence to a finite term of imprisonment under § 3582(c)(1)(A)).[7]

The court acknowledges that other district courts have found extraordinary and compelling reasons justifying sentence reductions because of sentencing disparities that were caused by the expansion of safety-valve eligibility. *See United States v. Wright*, 2022 WL 673265, at *4 (S.D. Cal. Mar. 7, 2022) (collecting cases) (granting compassionate release motion but noting that "[t]his Court is not prepared to find that *Lopez* should result in a retroactive sentence reduction for every potentially eligible defendant regardless of circumstance").

Nevertheless, here, based on an individualized review of the circumstances, the court concludes that Defendant's sentencing disparity does *not* constitute an extraordinary and compelling reason justifying a sentence reduction. At sentencing, Defendant had a total offense level 31 and criminal history category III, resulting in a Guideline range of 135–168 months. With safety-valve eligibility, after a two-level variance, Defendant would have a total offense level 29 and criminal history category III, resulting in a Guideline range of 108–135 months. And although this difference is not an insignificant amount of time, under

---

[7] To be clear, the court recognizes that it has the discretion under § 3582(c)(1)(A) to reduce the length of a sentence to a term that would not result in immediate release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence . . . .").

the circumstances of this case, that disparity does not rise to the level of an extraordinary and compelling reason justifying compassionate release.

Defendant assumes, incorrectly in the court's view, that if the court had applied the safety valve at sentencing, the court would have imposed a sentence of 108 months. This assumption ignores two extremely aggravating factors in this case—the instant conviction is Defendant's second federal felony conviction for drug trafficking, and the court sentenced Defendant for both the instant offense and for the violation of her conditions of supervised release for the prior offense. Given these aggravating factors, and assuming a sentencing range of 108–135 months, it is very likely that the court would have sentenced Defendant at or near the top of that range. Whether the court would have sentenced Defendant to the same 135-month sentence or something slightly less, the court cannot say with certainty. But the court is convinced—given the unique circumstances of this case—Defendant has failed to show extraordinary and compelling reasons to reduce her sentence. In short, the two-level disparity caused by the intervening changes to the safety valve does not "ris[e] to the level of an extraordinary and compelling circumstance." *See United States v. Gomez*, 2022 WL 543080, at *1 (9th Cir. 2022) (mem.).

## C.    Section 3553(a) Factors

Even if Defendant had established extraordinary and compelling reasons warranting a sentence reduction, the court would deny a reduction after considering the 18 U.S.C. § 3553(a) factors.

As relevant to this case, the § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; and (c) to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(1)–(2).  And under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).

As for "the nature and circumstances of the offense," Defendant was held responsible for the distribution of, or possession with intent to distribute, 692 grams of methamphetamine.  And Defendant committed the instant offense while on supervised release for her prior felony drug conviction, *see* Cr. No. 05-00360 JMS.  In that prior case, after her arrest, Defendant "admitted that she distributed over 50 pounds of 'ice' and 10 pounds of cocaine over the past 10 years.  She also admitted that her 14-year-old-son . . . assisted in drug transactions from their

12

residence . . . ."  Presentence Investigation Report ¶ 42, ECF No. 33 at PageID.102.
In other words, Defendant was a large-scale drug trafficker even before that prior
case (and one, at that, using a minor to assist) and went back to drug trafficking
after being released from custody and while under the court's supervision.  In
short, Defendant has proven—twice—that she is a large-scale drug trafficker, and
she has proven that her first conviction did nothing to deter her from continuing to
engage in drug dealing.

            Given the nature of Defendant's offense and her criminal history, the
court finds that reducing Defendant's sentence would severely undermine the goals
of sentencing  set forth in § 3553(a)(2), even considering the "subsequent
developments" affecting her eligibility for safety-valve relief.  *See United States v.
Lizarraras-Chacon*, 14 F.4th 961, 967 (9th Cir. 2021) ("[I]n a § 3553(a) factor
analysis, a district court must . . . use the *fullest information possible* concerning
subsequent developments in the law," e.g., "changes in sentencing guidelines" or
"legislative changes to a mandatory minimum.").  Put differently, the intervening
*Lopez* decision and the resulting change to Defendant's safety-valve eligibility do
not significantly alter the analysis of what sentence is warranted in Defendant's
individual case based upon consideration of the totality of the § 3553(a) factors.

            In reaching this conclusion, the court is aware that Defendant's
offense conduct did not involve violence, that no firearm was possessed or used,

and that she was not an organizer or leader of the narcotics conspiracy to which she pled guilty.  Nevertheless, the § 3553(a) factors weigh heavily against granting the relief sought.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 40, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 14, 2022.



   /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Young*, Cr. No. 20-00013 JMS, Order Denying Defendant's Motion for Compassionate Release, ECF No. 40